20-2011-cv
Snyder v. Andrew Saul, Commissioner of Social Security

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of March, two thousand twenty one.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                      *Circuit Judges*.

_____

JESSE SNYDER,

                 *Plaintiff-Appellant*,

                 v.                                          20-2011-cv

ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,

                 *Defendant-Appellee*.

_____

Appearing for Appellant:     Mark A. Schneider, Plattsburgh, N.Y.

Appearing for Appellee:      Andreea L. Lechleitner, Special Assistant U.S. Attorney (Ellen E. Sovern, Of Counsel, Regional Chief Counsel, Region II, Office of the General Counsel, Social Security Administration, *on the brief*), *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Albany, N.Y.

Appeal from the United States District Court for the Northern District of New York (Baxter, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jesse Snyder appeals from the June 25, 2020 judgment of the United States District Court for the Northern District of New York (Baxter, *M.J.*) affirming the denial of disability insurance benefits and supplemental security income by the Commissioner of Social Security. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Our review of the administrative record is de novo, and this Court will uphold the administrative law judge's decision if it is supported by substantial evidence and the correct legal standards were applied. *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). On appellate review, "our focus is not so much on the district court's ruling as it is on the administrative ruling." *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991) (internal quotation marks omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (internal quotation marks omitted).

Snyder first argues that the administrative law judge ("ALJ") failed to adequately reweigh the factors in accordance with a prior remand order. That remand order instructed the ALJ to reevaluate Snyder based on a failure to adequately consider evidence of limitations based on mental health. *Jesse S. v. Comm'r of Soc. Sec.*, No. 17-CV-0854, 2018 WL 4509492, at *7-8 (N.D.N.Y. Sept. 19, 2018). However, Snyder acknowledges that the ALJ did find that he had depressive disorder, substance use disorder, and limitations bearing on his mental condition, and considered those when calculating Snyder's residual functional capacity ("RFC"). Accordingly, his challenge goes to the ALJ's weighting of the various sources rather than compliance with the remand order. As the district court properly determined, the ALJ's opinion is supported by substantial evidence. Snyder argues that the ALJ failed to properly weigh the opinion of Elizabeth Greis, a nurse practitioner, who described him as unable to function in work settings. The ALJ properly accorded Greis's opinion limited weight in comparison to the opinions of physicians. Greis only treated Snyder twice prior to issuing her opinion, and the relevant regulations describe the history of treatment as relevant for consideration of medical opinions. *See* 20 C.F.R. §§ 404. 1527(c)(2)(i); 416.927(c)(2)(i). The ALJ also noted that the evidence in the record was inconsistent with some of Greis's opinions regarding Snyder's capacity. Greis described Snyder's thought process as without delusions and his cognition as normal. His orientation, memory, attention, and concentration were intact. Moreover, the ALJ found that Greis's opinion was based only on Snyder's mental impairments, which were well managed with prescribed treatment methods. The record also suggested that Snyder frequently stopped his mental health treatment but still consistently demonstrated normal cognition. This Court has found that conservative treatment may weigh against a disability finding. *See, e.g.*, *New Haven Terminal Corp. v. Lake*, 337 F.3d 261, 266 (2d Cir. 2003) (explaining that a claimant's "failure to seek further medical treatment . . . . may raise some doubt about the severity of [the claimant's] disability"). The ALJ fully explained why it rejected Greis's opinions regarding Snyder's marked limitation in favor of the opinions suggesting Snyder suffered, at most, moderate limitations in understanding, remembering, and carrying out detailed instructions; maintaining attention and concentration for extended periods; keeping to a schedule and

maintaining regular attendance. The ALJ was entitled to weigh all of the evidence and make an RFC finding that corresponds with the record as a whole. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict.").

With respect to his physical impairments, the ALJ also properly weighed the medical evidence. The ALJ discussed the opinions of Dr. S. Putcha, Dr. Nader Wassef, Dr. Louis A. Fuchs, and Dr. Lai Kuang and found that each described Snyder's limitation as moderate. Snyder argues that the ALJ failed to consider the opinion of Kuang regarding Snyder's moderate limitations. We disagree. The ALJ thoroughly analyzed. Kuang's opinions and gave it "some weight" because it was only "somewhat consistent with the record as a whole," including evidence in the record that Snyder had moderate limitations but controlled his pain with medication and injections. The ALJ noted that Snyder engaged in activities of daily life and found that Kuang's opinions supported a finding that Snyder had the capacity to perform light work. Snyder also argues that the ALJ should not have afforded Fuchs's opinion that Snyder could perform light work any consideration. The ALJ noted that Snyder was more disabled than Fuchs suggested, but nevertheless accepted some of his findings, as Fuchs reviewed the record in detail and his opinion comported with others in some ways. The ALJ was entitled to consider these opinions in determining that Snyder could perform light work.

Snyder argues that the ALJ improperly discounted Snyder's testimony regarding his debilitating pain and inability to work. "The regulations provide a two-step process for evaluating a claimant's assertions of pain." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Id.* Second, the ALJ must consider 'the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence' of record." *Id.* (quoting 20 C.F.R. § 404.1529(a)) (alteration removed). In making this determination, the ALJ "consider[s] 'statements the claimant or others make about his impairment(s), his restrictions, his daily activities, his efforts to work, or any other relevant statements he makes." *Id.* (internal quotation marks and alterations omitted). With respect to the first step, the ALJ concluded that Snyder suffers from impairments that could produce the symptoms alleged. However, the ALJ observed that the evidence revealed some discrepancies between the medical records and Snyder's statements. The ALJ noted that Snyder managed most of his activities of daily living himself and frequently described his treatments as helping with his pain. Considering the deferential standard of review, the ALJ did not err in finding that the limitations described by Snyder did not fully match the medical records provided. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (describing a reviewing court's role as deferring to the ALJ's resolution of conflicting evidence).

We have considered the remainder of Snyder's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk